Charles H. Chevalier
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevailer@gibbonslaw.com

Christine A. Gaddis
GIBBONS P.C.
141 West Front Street, Suite 240
Red Bank, New Jersey 07701
(732) 704-5801
cgaddis@gibbonslaw.com

*Attorneys for Plaintiff*
*American Regent, Inc.*

OF COUNSEL:

Dennies Varughese, Pharm. D.
Uma Everett (*pro hac vice* to be filed)
Adam LaRock (*pro hac vice* to be filed)
Alex Alfano (*pro hac vice* to be filed)
Ryan Conkin (*pro hac vice* to be filed)
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
ueverett@sternekessler.com
alarock@sternekessler.com
aalfano@sternekessler.com
rconkin@sternekessler.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AMERICAN REGENT, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> STERISCIENCE PTE. LTD, <br><br> *Defendant*. | Civil Action No. 24-7809 <br><br> *Document Electronically Filed* |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff American Regent, Inc. ("ARI" or "Plaintiff"), by its undersigned attorneys, for its

Complaint against Defendant Steriscience Pte. Ltd ("Steriscience") alleges as follows:

## NATURE OF THIS ACTION

1. This is an action for patent infringement under the patent laws of the United States,

35 U.S.C. § 100 *et. seq.*, arising from Steriscience's submission to the United States Food and

Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 219492 ("the ANDA") which contains a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certification") seeking approval to engage in the commercial manufacture, use, sale, and/or importation of a generic version of ARI's Selenious Acid products ("the ANDA Product") prior to the expiration of United States Patent No. 11,998,565 ("the '565 patent").

## THE PARTIES

2.      ARI is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 5 Ramsey Road, Shirley, New York 11967.

3.      On information and belief, Steriscience is a corporation organized under the laws of Singapore and having a place of business located at 36, Robinson Road, #13-06, City House, Singapore, 068877.

## JURISDICTION AND VENUE

4.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, and jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.      On information and belief, this Court has personal jurisdiction over Steriscience under the New Jersey state long arm statute and consistent with due process of law because Steriscience has extensive contacts with the State of New Jersey and regularly does business in this judicial district. Further, Steriscience plans to sell the ANDA Product in the State of New Jersey, which provides an independent basis for personal jurisdiction here.

6.      This Court has personal jurisdiction over Steriscience because Steriscience has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contact with the State of New Jersey. On information and belief, Steriscience

2

regularly and continuously transacts business within New Jersey, including by making pharmaceutical products for sale in New Jersey and selling pharmaceutical products in New Jersey.

7. Upon information and belief, Steriscience is in the business of, among other things, the development, manufacturing, importation, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in New Jersey.

8. This Court has personal jurisdiction over Steriscience because, on information and belief, Steriscience derives substantial revenue from directly or indirectly selling generic pharmaceutical products and/or pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this judicial district.

9. On information and belief, Steriscience is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this judicial district.

10. On information and belief, Steriscience has also availed itself of New Jersey by, among other things, not contesting jurisdiction in this judicial district, including in at least *Fresenius Kabi USA, LLC v. Steriscience Pte. Ltd*, C.A. No. 22-01810, ECF No. 7 (D.N.J. June 6, 2022).

11. This Court has personal jurisdiction over Steriscience because, *inter alia*, Steriscience has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will lead to foreseeable harm and injury to ARI in New Jersey. Further, on information and belief, following approval of the ANDA, Steriscience will make, use, import, sell, and/or offer for sale the ANDA Product in the United States, including in New Jersey, prior to the expiration of the '565 patent.

12.     In the alternative, this Court has personal jurisdiction over Steriscience because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) ARI's claims arise under federal law; (b) Steriscience is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Steriscience has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting the ANDA to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Steriscience satisfies due process.

13.     Venue is further proper in this Court under 28 U.S.C. §§ 1391 and/or 1400(b).

14.     On information and belief, venue is proper in this judicial district under 28 U.S.C. 1391(c)(3) because Steriscience is a foreign company not residing in any United States judicial district and may be sued in any judicial district.

## BACKGROUND

15.     ARI holds New Drug Application ("NDA") No. 209379 for Selenious Acid ((1) eq. 600 mcg Selenium/10 mL (eq. 60 mcg Selenium/mL), (2) eq. 60 mcg Selenium/mL (eq. 60 mcg Selenium/mL),  and (3) eq. 12 mcg Selenium/2 mL (eq. 6 mcg Selenium/mL)), which was originally approved by the FDA on April 30, 2019, which ARI manufactures and sells in this judicial district and throughout the United States.

16.     ARI's Selenious Acid products are covered by one or more claims of the '565 patent.

17.     ARI is the owner of the '565 patent, entitled "Trace element compositions, methods of making and use," which was duly and legally issued on June 4, 2024. A copy of the '565 patent is attached as Exhibit 1.

18.  The '565 patent has been listed in connection with ARI's Selenious Acid products in the FDA's publication Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book").

19.  As indicated in the Orange Book, the patent expiration date for the '565 patent is July 1, 2041.

20.  On information and belief, Steriscience was responsible for preparing the ANDA which contained a Paragraph IV Certification.

21.  By letter dated June 26, 2024 ("the Notice Letter"), Steriscience notified ARI pursuant to the Federal Food, Drug, and Cosmetic Act that Steriscience had submitted to the FDA the ANDA with a Paragraph IV Certification to seek approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product prior to the expiration of the '565 patent.

22.  On information and belief, Steriscience submitted the ANDA to the FDA, which contained a Paragraph IV Certification asserting that the '565 patent will not be infringed by the manufacture, use, offer for sale, sale, or importation of the ANDA Product, or alternatively, that the '565 patent is invalid.

23.  The Notice Letter contained no non-infringement defenses for claims 1-2, 4-11, 13-17, 19-20, 22-26, 28-29 of the '565 patent.

24.  On information and belief, the ANDA Product is a generic version of ARI's Selenious Acid products ((1) eq. 600 mcg Selenium/10 mL (eq. 60 mcg Selenium/mL)), as the reference listed drug, containing the same or equivalent ingredients in the same or equivalent amounts.

25.  In the Notice Letter, Steriscience disclosed that the ANDA Product is Selenious Acid, eq. 600 mcg Selenium/10 mL (eq. 60 mcg Selenium/mL) intravenous solution.

26.    On information and belief, the ANDA Product contains the same or equivalent ingredients in the same or equivalent amounts as ARI's Selenious Acid products ((1) eq. 600 mcg Selenium/10 mL (eq. 60 mcg Selenium/mL)).

27.    On information and belief, the ANDA Product will feature the same or equivalent chemical and therapeutic properties as ARI's Selenious Acid products.

### COUNT I: INFRINGEMENT OF THE '565 PATENT

28.    ARI realleges paragraphs 1–27 as if fully set forth herein.

29.    Steriscience's submission of the ANDA with a Paragraph IV Certification to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product in or into the United States, prior to the expiration of the '565 patent, constitutes direct and indirect infringement of the '565 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

30.    On information and belief, the ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Steriscience or on its behalf, and will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '565 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, the administration of the ANDA Product will occur with Steriscience's specific intent and encouragement, and will constitute conduct that Steriscience knows or should know will occur. On information and belief, Steriscience will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of ARI's rights under the '565 patent.

31.     On information and belief, Steriscience's manufacture, use, offer for sale, sale, and/or importation of the ANDA Product, once the ANDA with a Paragraph IV Certification is approved by the FDA, would constitute direct infringement under 35 U.S.C. § 271(a), induced infringement under 35 U.S.C. § 271(b), and/or contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '565 patent, either literally or under the doctrine of equivalents. On information and belief, Steriscience intends that the ANDA Product be used by patients and medical professionals. Also, on information and belief, Steriscience knows that the ANDA Product is especially made or adapted for use in infringing the '565 patent, and that the ANDA Product is not suitable for substantial non-infringing use.

32.     ARI will be irreparably harmed if Steriscience is permitted to make, use, sell, offer to sell, and/or import the ANDA Product in or into the United States, and is not enjoined from doing so. ARI is entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of the ANDA be a date that is not earlier than the expiration date of the '565 patent, or any later expiration of exclusivity for the '565 patent to which ARI is or becomes entitled, and an injunction against such infringement. ARI does not have an adequate remedy at law.

33.     Steriscience has had knowledge of the '565 patent since at least the date Steriscience submitted the ANDA with a Paragraph IV Certification and was aware that submission of the ANDA with a Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2).

34.     This case is "exceptional," and ARI is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, ARI prays that this Court grant the following relief:

(a)  A judgment under 35 U.S.C. § 271(e)(2)(A) that Steriscience has infringed at least one claim of the '565 patent through Steriscience's submission of the ANDA with a Paragraph IV Certification to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States the ANDA Product before the expiration of the '565 patent;

(b)  A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Steriscience's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of the ANDA Product before the expiration of the '565 patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '565 patent;

(c)  An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the ANDA, shall not be earlier than the latest expiration date of the '565 patent, including any extensions and/or additional periods of exclusivity to which ARI is or becomes entitled;

(d)  The entry of a permanent and/or preliminary injunction enjoining Steriscience, and its affiliates and subsidiaries, and each of its officers, agents, servants, and employees, from making, having made, using, offering to sell, selling, marketing, distributing, and importing in or into the United States the ANDA Product, or any product that infringes the '565 patent, or inducing or contributing to the infringement of the '565 patent until after the expiration date of the '565 patent, including any extension and/or additional periods of exclusivity to which ARI is or becomes entitled, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(e)  The entry of a permanent and/or preliminary injunction enjoining Steriscience, and its affiliates and subsidiaries, and each of its officers, agents, servants, and employees, from seeking, obtaining, or maintaining approval of the ANDA until the expiration of

the '565 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(f)    Damages or other monetary relief to ARI if Steriscience engages in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of the ANDA Product prior to the expiration of the '565 patent, including any extensions and/or additional periods of exclusivity to which ARI is or becomes entitled;

(g)    A finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding ARI its attorneys' fees incurred in this action; and

(h)    Such further relief as this Court deems proper and just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues triable to a jury. Specifically, Plaintiff demands a jury trial in the event that there is a launch at risk and damages are in issue.

Dated: July 16, 2024             By:  s/ Charles H. Chevalier
       Newark, New Jersey             Charles H. Chevalier
                                      GIBBONS P.C.
                                      One Gateway Center
                                      Newark, New Jersey 07102-5310
                                      (973) 596-4611
                                      cchevailer@gibbonslaw.com

                                      Christine A. Gaddis
                                      GIBBONS P.C.
                                      141 West Front Street, Suite 240
                                      Red Bank, New Jersey 07701
                                      (732) 704-5801
                                      cgaddis@gibbonslaw.com

                                      OF COUNSEL:

                                      Dennies Varughese, Pharm. D.
                                      Uma Everett (*pro hac vice* to be filed)
                                      Adam LaRock (*pro hac vice* to be filed)
                                      Alex Alfano (*pro hac vice* to be filed)

9

Ryan Conkin (*pro hac vice* to be filed)
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
ueverett@sternekessler.com
alarock@sternekessler.com
aalfano@sternekessler.com
rconkin@sternekessler.com

*Attorneys for Plaintiff*
*American Regent, Inc.*